IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS LEWIS,
   Petitioner,

v.                CIVIL ACTION NO. 5:04CV96
                  (Judge Stamp)

EVELYN SEIFERT, Warden,
   Respondent.

**REPORT AND RECOMMENDATION**
**28 U.S.C. § 2254**

### I. INTRODUCTION

On August 31, 2004, the *pro se* petitioner, Thomas Lewis filed a Petition for a Writ of Habeas Corpus which has been construed as a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On September 30, 2004, the petitioner filed what has been deemed a supplement his § 2254 petition. By Order entered on December 3, 2004, the Court Ordered the respondent to answer the petition. On January 4, 2005, the respondent filed Respondent's Motion to Dismiss Petition as Successive and Memorandum in Support Thereof.

On January 27, 2005, the Court issued a Roseboro[1] notice advising the petitioner of his right to respond to the motion to dismiss and warning him that his failure to do so may result in the dismissal of his case. The petitioner did not respond to the Roseboro notice.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13, is ripe for review.

### II. FACTS

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

A.  **State Proceedings**

On June 25, 1993, the petitioner was convicted in the Circuit Court of Putnam County of two counts of first degree sexual assault in violation of W. Va. Code § 61-8B-3.  On November 22, 1993, the petitioner was sentenced to two consecutive terms of 15 to 25 years.  On June 8, 1994, the petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals.  The appeal was refused on December 6, 1994.

On June 9, 1995, the petitioner then filed a petition for writ of habeas corpus in the Circuit Court of Putnam County.  The petition was denied on May 8, 1998.  The petitioner filed a petition for appeal from the denial which was refused on February 18, 1999.

B.  **Federal Petition for Habeas Corpus**

On March 3, 1999, the petitioner filed a § 2254 petition in the United States District Court for the Southern District of West Virginia.  The petition was denied by Order entered on January 4, 2000.  The petitioner filed an appeal.  By decision dated May 18, 2000, the Fourth Circuit Court of Appeal dismissed the appeal.

Now, the petitioner seeks to challenge his state conviction in this Court.  He alleges that W. Va. Code § 61-8(b)-3 violates the Ex Post Facto Clause and that at some point the victim denied being sexually assaulted.  The respondent asserts that the Court should dismiss the present petition as being successive.

### III.  ANALYSIS

28 U.S.C. § 2244 (b) provides in pertinent part as follows regarding successive petitions:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

2

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

"In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). The petitioner's first habeas petition was considered on the merits. Thus, this is a successive petition. Because the petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file his successive § 2254 motion in this Court, this Court is without authority to hear the petitioner's successive motion.

## IV. **RECOMMENDATION**

It is recommended that the respondent's motion to dismiss be GRANTED, and that the petitioner's § 2254 and supplemental petition be DISMISSED WITHOUT PREJUDICE for being a successive petition.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: July 25, 2005

<u>/s/ James E. Seibert</u>
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**