IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS LEWIS,

    Petitioner,

v.                                Civil Action No. 5:04CV96
                                        (STAMP)
EVELYN SEIFERT, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.   Procedural History

On August 31, 2004, pro se petitioner, Thomas Lewis ("Lewis"), filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2254. This Court referred the case to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter. On September 30, 2004, Lewis filed a supplement to his § 2254 petition and on December 3, 2004, the magistrate judge entered an order substituting proper respondent and directing the respondent, Evelyn Seifert ("Seifert"), to respond. On January 4, 2005, Seifert filed a motion to dismiss the petitioner's petition as successive.

Following Seifert's motion, the petitioner filed a letter motion for appointment of counsel. The magistrate judge denied the petitioner's request for counsel and provided the petitioner with what has become known as a Roseboro notice, directing the petitioner to respond to the respondent's motion within 30 days.

The petitioner did not respond to the Roseboro notice and the magistrate judge entered a report recommending that Seifert's motion to dismiss be granted and that the petitioner's § 2254 and supplemental petition be dismissed without prejudice. The petitioner then filed a timely objection to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Facts

On June 25, 1993, the petitioner was convicted of first degree sexual assault in the Circuit Court of Putnam County, West Virginia, and sentenced to two consecutive terms of 15 to 25 years. The petitioner's appeal was refused by the West Virginia Supreme Court of Appeals on December 6, 1994, and the petitioner filed a petition for habeas corpus in the Circuit Court of Putnam County on June 9, 1995. The petition was denied on May 8, 1998, and an appeal was refused on February 18, 1999.

On March 3, 1999, the petitioner filed a § 2254 petition in the United States District Court for the Southern District of West Virginia. The petition was denied on January 4, 2000 and the Fourth Circuit Court of Appeals dismissed the petitioner's subsequent appeal.

III. Discussion

In his objection to the magistrate judge's report and recommendation, the petitioner argues that ". . . the respondent[']s motion to dismiss as successive should be denied for the reason petitioner shouldn't be in prison in the first place . . ." (Obj. at 2.) However, the petitioner fails to object to the magistrate judge's finding that the § 2254 petition is successive and that the petitioner has failed to obtain the necessary authorization from the Fourth Circuit Court of Appeals to file his successive § 2254 petition.

As the magistrate judge notes, 28 U.S.C. § 2244(b) requires a district court to dismiss a second or successive habeas corpus petition in all but a very narrow set of circumstances which include a new rule of constitutional law, or the existence of a factual predicate for the claim that could not have been discovered previously and that provides clear and convincing evidence that the petitioner could not have been found guilty absent a constitutional error. Importantly, § 2244(b) requires the applicant to move for authorization from the appropriate court of appeals before filing the successive application with the district court. As the

magistrate judge correctly notes, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Because Lewis's § 2254 is successive and because Lewis has not moved the Fourth Circuit Court of Appeals for permission to proceed on his successive § 2254, this Court is without jurisdiction to consider the petition and the petition must be dismissed without prejudice.

IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objection to the report and recommendation lacks merit, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the respondent's motion to dismiss is GRANTED and the petitioner's § 2254 motion and supplemental petition are DISMISSED WITHOUT PREJUDICE for being successive. This civil action is hereby STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of

Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 18, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE